**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
SOUTHEAST DIVISION**

| | |
|---|---|
| ERICA LEE CAMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| ) | |
| FCA US LLC ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |

**NOTICE OF REMOVAL OF CIVIL ACTION**

Defendant FCA US LLC (hereinafter "FCA US"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files its Notice of Removal of this case from the Circuit Court of Cape Girardeau County, Missouri, to the United States District Court for the Eastern District of Missouri, Southeast Division. The grounds for removal are as follows:

**REMOVAL STANDARD**

1. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

2. Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

3. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).

4. The United States District Court for the Southeastern District of Missouri is the "district and division" for actions removed from the Circuit Court of Cape Girardeau County, Missouri pursuant to 28 U.S.C. §§ 94(a), 1446(b).

5. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, copies of all "process, pleadings, and orders" served upon FCA US from the State Court Action and a complete copy of the current state court docket sheet are attached hereto as "**Exhibit A**."

## THE REMOVED CASE

6. On August 14, 2020, Plaintiff filed a personal injury action against FCA US in the Circuit Court of Cape Girardeau County, Missouri. The action is styled as *Erica Camp v. FCA US LLC.,* Case No. 20CG-CC00254.

7. Plaintiff brings claims against FCA US for negligence and strict products liability. *See* Plaintiff's Petition for Damages ("Petition"), Count I-II, attached hereto as "**Exhibit B**."

## REMOVAL IS TIMELY

8. On September 15, 2020, FCA US was served with a Summons and a copy of Plaintiff's Petition for Damages. *See* Plaintiff's Petition for Damages, Ex. B.

9. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as it has been filed with this Court within thirty (30) days after FCA US's receipt of Plaintiff's Petition for Damages. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a

- 3 -

copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...").

## VENUE IS PROPER

10. Venue is proper in the United States District Court for the Southeast District of Missouri because this action is being removed from the Circuit Court of Cape Guardia County, Missouri. The United States District Court for the Southeastern District of Missouri is the "district and division" for actions removed from the Circuit Court of Cape Girardeau County, Missouri. *See* 28 U.S.C. §§ 105(b)(5), 1446(a).

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

11. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

12. According to Plaintiff's Petition for Damages, Plaintiff is a citizen of the State of Missouri. *See* Plaintiff's Petition for Damages at ¶ 1, Ex. B.

13. FCA US is a Delaware limited liability company with its principal place of business in the State of Michigan. FCA US LLC's sole member is FCA North America Holdings LLC, a Delaware limited liability company with its principal place of business in the State of Michigan. FCA North America Holdings LLC's sole member is FCA Holdco B.V., a Netherlands limited liability company with its principal place of business in London, UK. FCA Holdco B.V.'s sole member is Fiat Chrysler Automobiles N.V., a publicly traded corporation organized and existing under the laws of The Netherlands with its principal place of business in London, United Kingdom. Accordingly, FCA US LLC is a citizen of Delaware and Michigan

and its members are citizens of Delaware, Michigan, the Netherlands and the United Kingdom. None of the FCA US-related entities are citizens of Missouri.

14. Because Plaintiff is a citizen of Missouri and FCA US is not, complete diversity exists under 28 U.S.C. § 1332.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

15. Based on Plaintiff's Petition allegations, the amount in controversy in this action, exclusive of interest and costs, exceeds Seventy-Five Thousand dollars ($75,000.00), pursuant to 28 U.S.C. § 1332(a).

16. To allege an amount in controversy, a removing defendant may look "at the face of the complaint alone." *Mishra v. Coleman Motors, LLC*, No. 4:16 CV 01553 PLC, 2017 WL 994868, at *4 (E.D. Mo. Mar. 15, 2017). It is apparent from the face of the Petition for Damages that Plaintiff seeks recovery of an amount in controversy in excess of $75,000, exclusive of costs and interest, as supported by the following:

   a) Plaintiff claims a vehicle "traveling at a high rate of speed" struck the passenger side of the vehicle in which she was riding as a passenger and that, due to the alleged negligence of FCA US and alleged product defect of an FCA US product, her head "violently struck the passenger side window and door frame" and then the passenger side curtain airbag "aggressively deployed, striking Plaintiff violently in the head." Plaintiff's Petition for Damages at ¶¶ 8, 10 and 11, Ex. B.

   b) Plaintiff alleges that she suffered "severe and debilitating injuries to the Plaintiffs head, neck and body as a whole, including traumatic, permanent injuries to the Plaintiff's brain," during and immediately following the subject August 15, 2015 automobile accident. *Id.* at ¶ 12, Ex. B.

    c) For her alleged "permanent and severe" injuries, Plaintiff seeks to collect "past medical and rehabilitation costs, future medical and rehabilitation costs, loss of earnings and impaired earning capacity, loss of enjoyment of life, pain and suffering, and emotional distress." *Id*. at ¶ 21, including subparts (a)-(f).

    d) Plaintiff filed her lawsuit on August 14, 2020—just one day prior to the expiration of the five-year statute of limitations. Thus, it has been five years since Plaintiff's alleged injury and her medical related damages are alleged to be ongoing, severe, debilitating, and permanent. *Id*. at ¶ 23, Ex. B.

    e) Plaintiff seeks "punitive damages against Defendant FCA in an amount sufficient to punish Defendant FCA for its wrongful conduct and to deter Defendant FCA and others similarly situated from future similar conduct." *Id*. at ¶ 23, Ex. B.

17.    Plaintiff has not yet provided a demand sum of total damages she is seeking. Yet, again, Plaintiff claims five years post-accident that her injuries are severe, debilitating, and permanent. *Id*. at ¶¶ 12 and 21, Ex. B. FCA US does not concede the validity of Plaintiff's allegations. However, if assumed true, Plaintiff's allegations and claimed damages indicate on their face an amount in controversy in excess of $75,000. *Mishra,* 2017 WL 994868, at *4. *See also, Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2002)  (finding that a jury could award more than $75,000 "given that plaintiffs suffered head, neck, and back injuries; incurred medical expenses and will incur further such expenses; have permanent, progressive, and disabling injuries" and alleged lost wages); *Armour v. Schneider Nat'l Carriers, Inc.*, No. 4:16 CV 1328 JCH, 2016 WL 5470466, at *2 (E.D. Mo. Sept. 29, 2016) (amount in controversy satisfied when plaintiff alleged "severe pain and injury" and past and future costs of "necessary medical care, services, and treatment."); *Allmon v. Walgreens Co.*, No. 4:09 CV 1151 DDN,

2010 WL 1292172, at *1 (E.D. Mo. Apr. 5, 2010)  (amount in controversy requirement was satisfied where plaintiff alleged "extreme weight loss, stunted growth, menstrual problems, ovarian cysts, and diabetes"); *Hickerson v. Enterprise Leasing Company of Georgia, LLC*, 818 Fed.Appx. 880, 884 (11th Cir. 2020) (analyzing amount in controversy and holding "[f]rom the alleged traumatic brain injuries alone, the district court could reasonably infer or deduce that the cost of treatment would satisfy the jurisdictional amount.").

18. Plaintiff also requests punitive damages against FCA US, see Pet. at ¶ 23, which are included in the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)  ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining [the] jurisdictional amount."); *Visintine v. Saab Auto. A.B.*, 891 F.Supp. 496, 497 (E.D. Mo. 1995) (holding that punitive damages are considered when determining the amount-in-controversy.).

19. Due to the alleged severity of Plaintiff's alleged injuries (including a claim for permanent traumatic brain injury) along with her alleged past and future medical costs, past and future rehabilitation costs, past and future lost wages, emotional distress, pain and suffering, and request for punitive damages in relation to Plaintiff's claims, it is clear from the face of the Complaint that the amount in controversy exceeds $75,000 exclusive of interest and costs.

20. Because the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs, the United States District Court has original diversity jurisdiction over this action. 28 U.S.C. § 1332(a)(1).  Removal is, therefore, proper under 28 U.S.C. § 1441(b).

21. Accordingly, FCA US has complied with all conditions precedent to removal. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, copies of the Summons and Plaintiff's

Petition for Damages served on FCA US along with a copy of the state court docket sheet are attached hereto as **Exhibit A**, which includes all the process, pleadings, and orders served upon FCA US in this action.

22. Notice of the filing of this Notice of Removal shall be provided to counsel for Plaintiff, and a copy of this Notice of Removal shall be filed with the Clerk of the Circuit Court of Cape Girardeau County, Missouri pursuant to 28 U.S.C. § 1446(d), attached hereto as **Exhibit C**.

23. Pursuant to this Court's Local Rules, a full and complete Civil Cover Sheet is attached hereto as **Exhibit D**.

24. Pursuant to this Court's Local Rules, a full and complete Original Filing Form is attached hereto as **Exhibit E**.

25. Under the provisions of 28 U.S.C. § 1441 and all applicable statutes, with which FCA US has complied, this action is removed to the United States District Court for the Eastern District of Missouri.

26. FCA US reserves the right to amend or supplement this Notice of Removal, and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

WHEREFORE, FCA US LLC hereby gives notice of the removal of this action from the Circuit Court of Cape Girardeau County, Missouri to the United States District Court for the Eastern District of Missouri.

Dated: October 15, 2020               SHOOK, HARDY & BACON L.L.P.

                                      By: */s/ Chad R. Beashore*
                                      Chad R. Beashore, #57915

W. Clark Richardson, #66948
2555 Grand Boulevard
Kansas City, Missouri  64108-2613
Telephone:  816.474.6550
Facsimile:   816.421.5547
cbeashore@shb.com
wrichardson@shb.com

**ATTORNEYS FOR DEFENDANT
FCA US LLC**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 15, 2020, a true and correct copy of the foregoing was served upon the following via the a true and correct copy of the foregoing was served upon the following via electronic mail and U.S. mail, postage prepaid:

Michael L. Jackson
1028 N. Kingshighway
Cape Girardeau, Missouri 63701
Telephone: 573-803-3176
Email: mlj@mljacksonlaw.com

**ATTORNEY FOR PLAINTIFF**


*/s/ Chad R. Beashore*

**ATTORNEY FOR DEFENDANT FCA US LLC**